Kenneth Gregory THOMPSON,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0569–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 26, 1987.

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Frances M. Northcutt, Lorraine Parker, Harris County Asst. Dist. Attys., Houston, for State.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

After determining appellant guilty of credit card abuse, a jury found the enhancement allegations to be true and assessed punishment at 90 years confinement. Appellant asserts two points of error.

In his first point of error, appellant alleges that Tex.Code Crim.P.Ann. art. 37.-07, sec. 4 (Vernon Supp.1986) (hereinafter "parole charge") is unconstitutional because it violates the "separation of powers" doctrine embodied in art. 2., sec. 1, of the Texas Constitution. The record reveals that appellant made no objection at trial to the constitutionality of the parole charge. This Court has held that the constitutionality of a statute may not be raised on appeal unless the issue was first raised in the trial court. *Casares v. State*, 712 S.W.2d 818, 821 (Tex.App.—Houston [1st Dist.] 1986, pet. pending). The trial court must have an opportunity to correct any non-fundamental error. In addition, this Court has previously held that the parole charge does not violate the separation of powers doctrine. *Clark v. State*, 721 S.W.2d 424 (Tex. App.Houston [1st Dist.] 1986, pet. pending).

Appellant's first point of error is overruled.

In his second point of error, appellant alleges that the evidence is insufficient as a matter of law to prove that he is guilty of credit card abuse as alleged in the indictment.

The indictment alleged that the appellant did

> with intent to obtain property and service fraudulently, present to Zeb Shariff a Mastercard M–Bank credit card knowing the use was without the effective consent of the cardholder, Raymond Joseph, namely, without any consent of any kind, and knowing that the credit card had not been issued to the defendant.

Appellant was charged with a violation of the credit card abuse statute, Tex.Penal Code Ann. sec. 32.31(b)(1)(A) (Vernon 1974), the constituent elements of which are:

(1) a person

(2) with intent to fraudulently obtain property or service

(3) presents or uses a credit card

(4) with knowledge that the card was not issued to him and

(5) with knowledge that it is not used with the effective consent of the cardholder.

*Ex parte Mathis*, 571 S.W.2d 186, 187 (Tex. Crim.App.1978). Appellant argues that the evidence is insufficient to convict him because it fails to meet elements four and five of the *Mathis* test, in that it was issued either to a fictitious person or to the appellant using an alias name and fictitious information.

The record shows that appellant entered the M–Bank Westchase on April 8, 1986, and presented a drivers license and a Mastercard bearing the name "Raymond J. Joseph" to the teller, Zeb Shariff, in an attempt to secure a $1,000 cash advance. Shariff became suspicious of the appellant, and she alerted her supervisor, Frank Prestigiovani, who asked appellant to sign a transaction slip. Before the transaction

was completed, appellant fled from the bank but was apprehended by the security guard.

At trial, Raymond J. Joseph testified that he learned a number of businesses, including M–Bank, had contacted credit bureaus to obtain his credit history despite his lack of application for credit. He testified that the application for credit correctly listed his name, his social security number, his birthdate, his number, and his past savings account. The application did not correctly list his present address or the correct branch of a department store where he was formerly employed.

Appellant testified that he had called Raymond Joseph and obtained information concerning Joseph from the person who answered the telephone. He further stated that he "guessed" as to Joseph's social security number and as to Joseph's prior employers. Appellant admitted that he filled out the M–Bank application with this information because he could not obtain credit in his own name. Thereafter, appellant obtained an identification card and rented an apartment using the name Raymond Joseph.

We conclude that the evidence is sufficient to support the jury's finding that appellant used the M–Bank card with knowledge that it was not actually issued to him, in his own name, because he actively and knowingly sought to obtain and to convert the name and background information of another living individual to his own use in his attempt to obtain funds on credit.

Furthermore, appellant knew that he was not using the card with the effective consent of the cardholder. The credit card abuse statute, sec. 32.31(a)(1), defines "cardholder" to mean "the person named on the face of a credit card to whom or for whose benefit the credit card is issued." Raymond Joseph testified that M–Bank contacted credit bureaus to obtain information concerning him before issuing the card in question. Clearly, M–Bank intended to issue the card to the person whose credit it had checked. The jury could reasonably find that appellant was aware of the possibility that M–Bank would endeavor to issue a card to the person whose name and information were contained on the application. In addition, appellant admitted in his own testimony that he had knowingly falsified the application for credit using another person's name and information. We find sufficient evidence in the record to support appellant's conviction beyond a reasonable doubt.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.