**Laura Jan GILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–530CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 5, 1998.

Decided Dec. 30, 1998.

Jarrod Walker, Conroe, for appellant.

Michael McDougal, Dist. Atty., David Bluestein, Asst. Dist. Atty., Conroe, for. State.

Before WALKER, C.J., and BURGESS, and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury found Laura Jan Gill guilty of aggravated assault. The trial court sentenced her to thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Gill appeals bringing three points of error.

In her first point of error, Gill alleges the evidence was legally insufficient to sustain her conviction. The standard of review for legal sufficiency is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Matson v. State,* 819 S.W.2d 839, 843 (Tex. Crim.App.1991).

The facts are basically undisputed. Ryan Signorelli, a witness to the accident, testified that at approximately 6:30 p.m. one evening, he was driving east on State Highway 105 when he observed Gill pass him going in the same direction. He testified that she "flew past" him. Signorelli estimated his own speed at about 50 to 55 miles per hour, while the speed limit on the highway was 45 miles per hour. Gill was weaving in and out of her lane and crossed over into oncoming traffic at one point. As Gill passed Signorelli, he observed that "She was looking down. She was looking at her feet or something." Signorelli pulled off of the highway because he was concerned about his own safety. After he stopped his truck, Signorelli observed Gill slam into the back of the car in front of her. He observed that she did not apply her brakes or make any attempt to avoid the car. The car she hit was driven by Harvey Davis, who had stopped to make a left turn. Davis was critically injured. Signorelli got out of his truck to check on the people involved in the collision. Davis was unconscious. Signorelli stated that Gill was incoherent, and that he smelled alcohol on her breath and noticed a beer can in the backseat of her car.

Officer Carl Johnson of the Conroe Police Department responded to the accident. At trial he stated: "I felt like she was intoxicat-

ed. As I talked with her, I could smell the odor of alcohol on her and there was several beer cans that were in the vehicle; one of them being cold was still partially with beer in it." Gill told Johnson that she had been drinking. Johnson found no skid marks on the site where the accident occurred.

■ Gill argues the acts relied on to show her recklessness are "omissions, not acts which do not meet the legal definition of 'reckless.'" The indictment alleged Gill committed the offense of aggravated assault in a reckless manner by:

> "after consuming an alcoholic beverage and while driving a motor vehicle, cause serious bodily injury to Harvey Davis, hereafter styled the Complainant, by failing to keep a proper lookout while driving a motor vehicle, by failing to control the speed of Defendant's motor vehicle, by exceeding the posted speed limit, and by driving left of the center line of the roadway when it was not permitted, thereby causing Defendant's motor vehicle to strike the Complainant's motor vehicle."

Gill claims the acts described in the indictment do not constitute recklessness as defined in Section 6.03 of the Penal Code, and therefore, even if proven, are legally insufficient to sustain a conviction.[1] She argues the acts alleged in the indictment may be elements of criminal negligence but they cannot establish that she consciously disregarded a substantial and unjustifiable risk so as to justify a finding of recklessness.

■ Under *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997), sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge.[2] We acknowledge that speeding is not necessarily reckless conduct. Speeding while intoxicated, howev-

er, is reckless conduct. Although intoxication was not mentioned in the jury charge, based on the evidence presented at trial, a rational jury could have found that Gill was speeding and was intoxicated. The jury could have found Gill was aware of but consciously disregarded an unjustifiable risk that her conduct could cause serious bodily injury and that therefore, her conduct was reckless.[3] Point of error one is overruled.

■ In point of error two, Gill alleges the trial court erred when assessing punishment by considering personal knowledge or prior misconduct of Gill. In point of error three, Gill complains the trial court erred in considering an extraneous offense in the punishment phase of the trial which was not proven beyond a reasonable doubt. Combining her arguments in her brief for these two points of error, Gill's complaint is that during the punishment phase of the trial, the trial court erred in considering Gill's DWI arrest that occurred on the night after voir dire in this trial, and that the court erred in considering the fact that she had been drinking that night and had caused an accident, even though she was not found to be legally intoxicated.

■ Gill's second and third points of error are directed toward the single issue of the trial court's having allowed evidence of an unadjudicated offense before the court during the punishment phase of trial. Gill did not preserve any error at the trial court level concerning the extraneous offense. Any error presented at trial must be accompanied with a timely and specific objection and the objection at trial which differs from the complaint on appeal preserves nothing for review. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex.Crim.App.1990); *Robbins v. State*, 856

---

1. A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstance as viewed from the actor's standpoint. TEX. PEN. CODE ANN. § 6.03 (Vernon 1994).

2. Though Gill's argument is based on the indictment, the jury charge contained the same language.

3. It can be argued it is patently unfair to find the evidence sufficient to prove Gill was intoxicated at the time she was speeding since intoxication was not included in the charge, thus the jury *did not* consider the intoxication as a factor vis a vis the recklessness.

S.W.2d 249, 254 (Tex.App.—Beaumont 1993, no pet.). Consequently, we overrule points of error two and three and affirm the judgment of the trial court.

AFFIRMED.

WALKER, Chief Justice, concurring.

I disagree with the majority's analysis of the legal sufficiency issue. I find the evidence legally sufficient to support the conviction for the offense as pleaded. Therefore, I concur in the result only.