NO. 07-00-0461-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 19, 2001



______________________________




JOSE ZUNIGA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2419; HONORABLE GENE DULANEY, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.


 Following his plea of not guilty, appellant Jose Zuniga was convicted by a jury of
manslaughter and punishment was assessed at 20 years confinement and a fine of
$10,000. By five issues, appellant contends (1) the indictment was fundamentally
defective because it failed to charge an offense, (2) the evidence was legally insufficient,
alternatively, (3) the evidence was factually insufficient, (4) the judgment was a nullity
because the jury found him not guilty of intoxication manslaughter but guilty of
manslaughter and the offenses are the same, and (5) the trial court erred in allowing the
victim's wife to testify as to the victim's good character. Based upon the rationale
expressed herein, we reverse and remand. 

 Appellant, a driver for a trucking company, departed Lubbock in a semi-truck to pick
up a trailer in Sweetwater on May 24, 1998. While traveling during daylight hours on a dry
two-lane road, appellant attempted to pass a pickup on a long "S" curve. As appellant
attempted to pass, he changed lanes in a no passing zone and noticed an oncoming
vehicle driven by Alfredo Cantu. Appellant applied his brakes, but they locked and the
truck skidded on the pavement. The Cantu's car veered off the pavement into a ditch to
avoid a collision. As the vehicles left the pavement, the truck skidded sideways colliding
with Cantu's car in the ditch and stopping with the car wedged between the front and rear
axles of the truck. Mr. Cantu died of injuries sustained in the accident.

 After DPS officers arrived at the scene, they detected the odor of alcohol on
appellant's breath during an initial interview and felt the need to perform a field sobriety
test on him. An officer administered the horizontal gaze nystagmus test and the results
indicated that appellant was not intoxicated. After appellant was taken to a hospital, a
blood test indicated his blood alcohol level at .03. Based upon the test, appellant's blood
alcohol level at the time of the collision was estimated at .06.


Indictment, Charge, Verdict, and Judgment


 Before reviewing appellant's issues, we will review the indictment, charge, verdict,
and judgment.

Intoxication Manslaughter


 By one paragraph in count two of the indictment, appellant was charged with
intoxication manslaughter. At the time of the accident, section 49.08 of the Texas Penal
Code Annotated (Vernon 1994) provided:

 § 49.08. Intoxication Manslaughter

 (a) A person commits an offense if the person:

 (1) operates a motor vehicle in a public place . . . and

 (2) is intoxicated and by reason of that intoxication causes the
death of another by accident or mistake.

 (b) An offense under this section is a felony of the second degree.

 

Because the jury found appellant not guilty of intoxication manslaughter a review of the
charge as to count two is unnecessary. (1)


Manslaughter


 As crafted by the State, count one of the indictment charged appellant with
manslaughter utilizing three independent, stand-alone paragraphs. In summary,
paragraph one charged appellant with passing in a no passing zone, paragraph two
charged him with excessive speed, and paragraph three charged him with reckless
conduct by "driving and operating a commercial motor vehicle while having a measurable
and detectable amount of alcohol in his system." (2) (Emphasis added). Because paragraph
three of the indictment is mentioned in the charge and again in the judgment, we set it out
in detail:

PARAGRAPH THREE


 And the Grand Jurors aforesaid do further present in and to said Court that the said
Jose Zuniga on or about May 24, 1998, in Lynn County, Texas, and before the presentment
of this indictment, while driving and operating a motor vehicle at the time and place
described in Count one, paragraph one, hereof, did then and there recklessly cause the
death of an individual, Alfredo Cantu, by driving and operating a commercial motor vehicle
while having a measurable and detectable amount of alcohol in his system and said
conduct was reckless and by reason thereof the defendant did collide his motor vehicle with
the motor vehicle being driven and operated by Alfredo Cantu and did thereby recklessly
cause the death of the said Alfredo Cantu, and the defendant did during the commission of
said offense use a deadly weapon, to-wit, a motor vehicle that in the manner of it's [sic] use
and intended use was capable of causing death and serious bodily injury. 


(Emphasis added). 


Section 19.04 of the Penal Code provides:

 § 19.04. Manslaughter

 (a) A person commits an offense if he recklessly causes the death of an
individual.

 (b) An offense under this section is a felony of the second degree.


Consistent with the indictment, the court's charge submitted manslaughter by three
separate paragraphs. In relevant part, the manslaughter portion of the charge provided:

 5.


 Our law provides that a person commits manslaughter if he recklessly causes the death of
an individual.

6.


 A person acts "recklessly" or is "reckless", with respect to the result of his conduct when he
is aware of but consciously disregards a substantial and unjustifiable risk that the result will
occur. The risk must be of such a nature and degree that its disregard constitutes a gross
deviation from the standard of care that an ordinary person would exercise under all the
circumstances, as viewed from the actor's standpoint.

7.


A. COUNT ONE, PARAGRAPH ONE OF THE INDICTMENT

 Now if you find from the evidence . . . the defendant, Jose Zuniga, did drive and operate a
motor vehicle, . . . which road or highway was a two lane road . . . while so driving said motor
vehicle at the time and place in question, was driving and passing another vehicle and did
cross the center of said road or highway in a marked no passing zone, . . . did collide his
motor vehicle with the motor vehicle being driven or operated by Alfredo Cantu, and if you
believe from the evidence beyond a reasonable doubt that such conduct, if any, on the part
of the defendant was reckless, as that term is herein defined, and that he caused the death
of an individual, namely, Alfredo Cantu . . . and that said recklessness, if you find there was
recklessness in said driving, was the cause of the death of the said Alfredo Cantu, then you
will find the defendant guilty of manslaughter, as charged in count one, paragraph
one of the indictment. 

(Emphasis added).

 OR


B. COUNT ONE, PARAGRAPH TWO OF THE INDICTMENT

 If you find from the evidence . . . the Defendant, Jose Zuniga, while driving or operating a
motor vehicle at the time and place described in the preceding paragraph A . . . did then and
there recklessly cause the death of . . . Alfredo Cantu, by driving his motor vehicle at an
excessive speed, . . . and that each of said acts alone or jointly were reckless, and if you
believe from the evidence beyond a reasonable doubt that the defendant did collide his
motor vehicle with the motor vehicle being driven or operated by Alfredo Cantu and did
thereby recklessly cause the death of the said Alfredo Cantu, then you will find the
defendant guilty of manslaughter as charged in count one, paragraph two of the
indictment. 

(Emphasis added).

OR


C. COUNT ONE, PARAGRAPH THREE OF THE INDICTMENT

 If you found from the evidence beyond a reasonable doubt, that . . . the Defendant, Jose
Zuniga, while driving or operating [a] motor vehicle . . . did then and there recklessly cause
the death of an individual, Alfredo Cantu, by driving or operating a commercial vehicle
while having a measurable or detectable amount of alcohol in his system, if you have
so found, and if you believe that such conduct, if any, was reckless, as that term has been
herein defined, and that by reason thereof, the defendant did collide his motor vehicle with
the motor vehicle being driven and operated by Alfredo Cantu, and did thereby recklessly
cause the death of the said Alfredo Cantu, then you will find the defendant guilty of
manslaughter, as charged in count one paragraph three of the indictment. 

 

 If you find from the evidence beyond a reasonable doubt that the conduct attributed to the
defendant as charged in paragraphs A, B, and C above, either singularly or collectively, were
reckless, as that term has been herein described, and that such conduct, either singularly or
collectively, did thereby recklessly cause the death of the said Alfredo Cantu, then you will
find the defendant guilty as charged under count one of the indictment. If you do not so find
from the evidence, beyond a reasonable doubt, or if you have a reasonable doubt thereof,
you will acquit the defendant of manslaughter.


(Emphasis added).




Then, in relevant part, the form of the jury verdict provided:


 Answer this form only if you found the defendant not guilty of Intoxication Manslaughter.


FORM OF VERDICT - MANSLAUGHTER



 We, the jury, find the defendant GUILTY of the offense of Manslaughter, as charged in the
indictment in Cause Number 98-2419.


 Count 1 par. C (handwritten in)

 /s/Marian Wood 

 Foreman of the Jury


 We, the jury, find the defendant NOT GUILTY of the offense of Manslaughter, as charged
in the indictment in Cause Number 98-2419.


 _____________________________

 Foreman of the Jury


The alleged reckless conduct was not linked in the three paragraphs. Instead, under the
charge (1) passing in a no passing zone, (2) excessive speed, and (3) driving a commercial
vehicle while having a measurable or detectable amount of alcohol in his system were
submitted in three independent paragraphs separated by the particle "or." (3) In addition,
paragraphs A, B, and C each concluded with the instruction that if the jury found the
allegations in the paragraph to be true, "then you will find the defendant guilty of
manslaughter as charged in" the referenced paragraph of count one of the indictment,
which instruction was consistent with the pattern of the indictment because the three
instances of alleged reckless conduct were not linked.

 After the jury reached its verdict and returned to the courtroom, the trial court read
the verdict in part as follows:

 THE COURT: Form of Verdict-Manslaughter. We the jury, find the Defendant
Guilty of the offense of manslaughter, as charged in the indictment in Cause
No. 98-2419. Count 1, paragraph 'C,' signed Marian Wood, foremean.

 Is that the verdict of all of you?

* * *


 THE COURT: All right. Do either one of you want the jury polled?

 Mr. McCrary: No, sir.

 Mr. Martinez: No, your Honor.

 THE COURT: All right. Please be seated. 

With no objections to receipt of the verdict or motions being presented to the trial court,
before commencement of the punishment phase, the court recessed the jury. The jury
returned its verdict assessing punishment at confinement for twenty years and a $10,000
fine on August 24, 2000. On the same day, the trial judge signed the judgment on the jury
verdict, which among other things, provided:

 ON AUGUST 23, 2000, ALL OF THE EVIDENCE WAS PRESENTED BY BOTH THE
STATE AND THE DEFENDANT AND THE CHARGE WAS READ TO THE JURY BY THE
COURT AND THEREUPON THE JURY HEARD THE ARGUMENTS OF BOTH SIDES. ON
AUGUST 24, 2000, THE SAME JURY AGAIN HEARD THE ARGUMENTS OF BOTH SIDES
AND RETIRED IN CHARGE OF THE PROPER OFFICER TO CONSIDER THEIR VERDICT
AND AFTERWARD WERE BROUGHT INTO OPEN COURT BY THE PROPER OFFICER,
THE DEFENDANT'S COUNSEL BEING PRESENT AND THE DEFENDANT BEING
PRESENT, AND RETURNED THE FOLLOWING VERDICT WHICH WAS RECEIVED BY
THE COURT AND WAS ENTERED UPON THE MINUTES OF THE COURT, TO-WIT:


 "WE, THE JURY, FIND THE DEFENDANT, JOSE ZUNIGA, GUILTY OF THE
OFFENSE OF MANSLAUGHTER, AS CHARGED IN THE INDICTMENT IN CAUSE
NUMBER 98-2419, COUNT ONE PARAGRAPH THREE.

 

 SIGNED: MARIAN WOOD

 FOREMAN OF THE JURY


(Emphasis added). As set out above, paragraph three of the indictment alleged only that
appellant was driving or operating a commercial vehicle while having a measurable or
detectable amount of alcohol in his system and did not include the allegations of passing
in a no passing zone or excessive speed.

No Passing Zone-Excessive Speed


 In its response to appellant's second and third issues, among other things, the State
contends that we should also consider evidence of appellant's speeding and passing in a
no passing zone along with evidence that appellant was driving with a measurable or
detectable amount of alcohol in his system in considering the legal and factual sufficiency
of the evidence to support the verdict. However, the rule that when a jury returns a general
guilty verdict on an indictment charging alternative theories of committing the same offense
that the verdict stands if the evidence supports any of the theories charged, Brooks v.
State, 990 S.W.2d 278, 283 (Tex.Cr. App. 1999), does not apply here because the verdict
was not a general guilty verdict, but was limited to the conduct separately charged only in
paragraph three of the indictment, which as above noted, did not mention excessive speed
or passing in a no passing zone. 

 Also, the State urges elsewhere that the handwritten notation of the jury foreman
should be disregarded, or that the reference was not to paragraph three of the indictment. 
However, the State did not object to the receipt of the verdict nor present any motions
regarding the verdict. Moreover, the judgment expressly recited: 

 WE, THE JURY, FIND THE DEFENDANT, JOSE ZUNIGA, GUILTY OF THE
OFFENSE OF MANSLAUGHTER, AS CHARGED IN THE INDICTMENT IN
CAUSE NUMBER 98-2419, COUNT ONE PARAGRAPH THREE.


We decline to ignore this provision of the judgment. Rather, we presume that the judgment
is correct. Tennison v. State, 327 S.W.2d 575, 576 (Tex.Cr.App. 1959). Also, we indulge
every presumption in favor of the regularity and truthfulness of recitations in the record. 
Robinson v. State, 739 S.W.2d 795, 799 (Tex.Cr.App. 1987).

 Recitations in a judgment are binding on the State and the defendant. Schultz v.
State, 510 S.W.2d 940, 944 (Tex.Cr.App. 1974). The State did not object to receipt of the
verdict or the judgment or otherwise move for relief, and on appeal, the State does not
request that we reform the judgment. (4) Thus, we will conduct our analysis based on the
conclusion that the jury verdict was not a general verdict and that appellant was convicted
of manslaughter based only on the allegations in paragraph three of the indictment. 

 By his first issue, appellant contends the indictment was fundamentally defective
because the allegation that he acted recklessly by driving and operating a commercial
vehicle while having a measurable and detectable amount of alcohol in his system failed
to charge an offense. See Tex. Transp. Code Ann. § 522.101 (Vernon 1999). In his reply
brief, appellant further contends that this error is not subject to waiver because of its
constitutional dimension. We disagree. 

 Although an objection by appellant to the indictment on the ground that it did not
allege acts of recklessness or criminal negligence pursuant to article 21.15 of the Texas
Code of Criminal Procedure may have been appropriate, a question we do not decide,
appellant's failure to object to an indictment results in a waiver of the right to complain on
appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2001). Failure to object can
also result in waiver of constitutional issues. See Briggs v. State, 789 S.W.2d 918, 924
(Tex.Cr.App. 1990); see also Thompson v. State, 727 S.W.2d 351, 352 (Tex.App.--Houston
[1st Dist.] 1987, no writ). Furthermore, the paragraph that appellant claims is too vague to
charge an offense in violation of the Texas Constitution, article V, section 12, is immaterial
to the validity of the indictment. In Duron v. State, 956 S.W.2d 547, 552 (Tex.Cr.App.
1997), the Court held that an indictment that contains all the essential elements of the
offense charged is sufficient to meet the requirements of article V, section 12 and that a
party is required to object to preserve error for appellate review. See also Tex. R. App. P.
33.1(a). Paragraph two alleged that appellant recklessly caused the death of an individual. 
The additional language of paragraph three is not necessary to inform appellant that he is
charged with manslaughter because all the essential elements are alleged. Accordingly,
issue one presents nothing for review and is overruled.

 By his second and third issues and arguments, appellant contends the evidence was
legally and factually insufficient to show that he acted recklessly and caused the accident
by driving and operating a commercial vehicle while having a measurable and detectable
amount of alcohol in his system. We disagree that the evidence is legally insufficient;
however, we agree with appellant that the evidence is factually insufficient to support his
conviction.


Standard of Review


 When both the legal and factual sufficiency of the evidence are challenged, we
must first determine whether the evidence is legally sufficient to support the verdict. Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law
that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that
the defendant committed each element of the alleged offense. U.S. Const. amend. XIV;
Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01
(Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v.
State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v.
State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as
a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by
more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867
(Tex.Cr.App. 1988). 

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. In conducting a factual sufficiency review, the Court of Criminal
Appeals has directed us to ask whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the fact finder's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation);
see also King v. State, 29 S.W.3d 556, 563 (Tex. Cr .App. 2000). Accordingly, we will
reverse the fact finder's determination only if a manifest injustice has occurred. Johnson,
23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's
determination, even if probative evidence supports the verdict, but must avoid substituting
our judgment for that of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164
(Tex.Cr.App. 1997). Moreover, the fact finder is the judge of the credibility of the witnesses
and the weight to be given their testimony and may resolve or reconcile conflicts in the
testimony, accepting or rejecting such portions thereof as it sees fit. Johnson v. State, 571
S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd). 

 Before proceeding with our review of the evidence to determine if it is legally
sufficient to sustain the conviction, we first outline the essential elements the State was
required to prove. Manslaughter is defined as recklessly causing the death of an individual. 
Tex. Pen. Code Ann. § 19.04(a) (Vernon 1994).

 The Penal Code defines recklessly or reckless as follows:

 (c) A person acts recklessly, or is reckless, with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur. The risk must be of such a nature
and degree that its disregard constitutes a gross deviation from the standard
of care and that an ordinary person would exercise under all the
circumstances as viewed by the actor's standpoint. 


(Emphasis added). Tex. Pen. Code Ann. § 6.03(c). Here, the definition in the charge was
substantially similar to the statutory definition. Also, we must review the evidence and
determine if the State introduced sufficient evidence to establish the essential element of
causation. The Penal Code defines causation as follows:

 (a) A person is criminally responsible if the result would not have occurred
but for his conduct, operating either alone or concurrently with another
cause, unless the concurrent cause was clearly sufficient to produce the
result and the conduct of the actor clearly insufficient. 



(Emphasis added). Tex. Pen. Code Ann. § 6.04(a). The conduct which the State alleged
to be reckless and the cause of the accident was appellant's action in driving the truck with
a measurable or detectable amount of alcohol in his system. The State did not object to the
submission of the definition or the question to the jury regarding reckless conduct, and does
not contend on appeal that section 522.101(a) of the Texas Transportation Code makes
such conduct reckless per se. See State v. Vasquez, 34 S.W.3d 332 (Tex.App.-San
Antonio 2000, no pet.) (involving reckless conduct).

Legal Sufficiency


 Appellant does not dispute that he was driving the truck at the time of the accident
or that Mr. Cantu sustained fatal injuries as a result of the collision. Indeed, appellant
candidly concedes in his brief that the evidence showed the presence of a measurable or
detectable amount of alcohol in his system at the time of the accident. Notwithstanding the
evidence, appellant argues there is no evidence that the presence of a measurable or
detectable amount of alcohol in his system was the cause of the accident. However, in
response to a question from the prosecutor as to the cause of the accident, Officer
Druesedow testified without objection to the following:

 Yes, sir. This accident was caused by Mr. Zuniga's failure to obey the speed
law, failure to obey the no-passing zone law, failure to obey the commercial
motor vehicle - operating a commercial motor vehicle with a detectable
amount of alcohol law, and his reaction time and his judgment, I believe, were
impaired due to the alcohol and this caused the death. Using the truck tractor
caused the death of Mr. Zuniga - correction. Caused the death of Mr. Cantu. 


Disregarding the officer's obvious linkage of the factors of (1) speeding, (2) passing in a no
passing zone, and (3) the presence of alcohol in appellant's blood, because we are
required to view the evidence in the light most favorable to the prosecution, considering the
testimony of the officer, we conclude that any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Accordingly, issue two
challenging the legal sufficiency of the evidence is overruled.

Factual Sufficiency


 Appellant contends the evidence was factually insufficient to support the jury verdict
that he recklessly caused the death of Cantu by driving and operating a commercial vehicle
while having a measurable and detectable amount of alcohol in his system. We agree.

 Because the statutory definitions of reckless and causation concern the conduct of
appellant, we will focus our review on evidence of appellant's conduct. See Tex. Pen. Code
Ann. §§ 6.03(c) and 6.04(a). In determining the factual sufficiency of the evidence we do
not view the evidence in the light most favorable to the prosecution, but instead make a
neutral review of all the evidence. Although the issue here is not intoxication, because
impairment of judgment and reaction time was mentioned by Officer DeLuna and is part of
the definition of "intoxicated," we will review all evidence of use or presence of alcohol as
it relates to impairment of judgment or reaction time and appellant's conduct. 


 Officer DeLuna and others stated that appellant had no slurred
speech, no trouble standing, no trouble walking and that his eyes were
not bloodshot.



 Appellant saw the oncoming car and applied his brakes which made
265 feet of skid marks before the truck left the highway.
 Appellant's blood alcohol content was below the level fixed by statute 
required for intoxication.
 Officers did not find any evidence in the truck of drinking while driving,
i.e. no beer cans, no beer bottles, no liquor bottles, nor other debris in
the truck or vicinity. 
 Appellant had no difficulty in answering questions. 


 

 As noted above, Officer DeLuna's opinion linked (1) speeding and (2) passing in a
no passing zone with (3) impairment of judgment and reaction time because of the
presence of a detectable and measurable amount of alcohol in his blood. However,
because the jury limited its answer to paragraph three and for the reasons explained above,
we will not consider speeding or passing in a no passing zone for purposes of this analysis. 
A careful review of Officer Druesedow's testimony regarding impairment when reviewed in
the context of his opinion demonstrates that his reference to impairment of judgment or
reaction time was linked to the two alleged causes-in-fact: (1) speeding and (2) passing in
a no passing zone. Also, as noted above, under section 522.101(a) of the Texas
Transportation Code, driving with a detectable or measurable amount of alcohol in the
blood is not reckless per se. The State called the driver of the pickup that appellant was
attempting to pass as its first witness to testify regarding the speed of appellant's truck and
the road conditions; however, the State did not attempt to establish causation by this
witness. Instead, all the State's evidence of causation was based upon investigation by the
officers who were not eyewitnesses to the accident.

 Appellant's factual insufficiency argument is also supported by the jury's not guilty
verdict of intoxication manslaughter. Although the question of recklessness is not an
element in a prosecution for intoxication manslaughter under section 49.08 of the Penal
Code, a verdict of guilty must be based on jury findings of intoxication and causation. By
its charge, the court instructed the jury that the word "intoxicated" meant "not having the
normal use of mental and physical faculties by reason of the introduction of alcohol into the
body." The charge also included the element of causation. By its answer, the jury found
appellant not guilty of intoxication manslaughter. Because the question of the presence of
some alcohol in appellant's blood was undisputed, a logical analysis of the jury's answer
of not guilty to intoxication manslaughter compels a conclusion that the evidence was not
sufficient to establish:

 appellant's mental and physical faculties were impaired by
alcohol 

OR


 the impairment, if any, was the cause of the accident.


Either conclusion demonstrates the insufficiency of the evidence to support a finding of
recklessness or causation or possibly both.

 We have not overlooked the State's argument that this case is analogous to Gill v.
State, 981 S.W.2d 517, 519 (Tex.App.-Beaumont 1998, no pet.). To the contrary, the
cases are not analogous. In Gill, the one-paragraph indictment alleged in part:

 after consuming an alcoholic beverage and while driving a motor vehicle
. . . by failing to keep a proper lookout while driving a motor, by failing to
control the speed . . . by exceeding the posted speed limit, and by driving left
of the center line . . . thereby causing . . . .


Id. The court held that even though intoxication was not mentioned in the jury charge, a
rational jury could have found that Gill was speeding and was intoxicated. Id. Here,
however, unlike Gill which combined four alleged acts of reckless driving with a reference
to alcohol in one paragraph, for reasons not reflected by the record, the State crafted this
indictment to segregate (1) speeding, (2) passing in a no passing zone, and (3) driving with
a measurable or detectable amount of alcohol in his system. Moreover, the indictment and
charge did not link or connect the three alleged causes.


 In Robbins v. State, 717 S.W.2d 348, 351 (Tex.Cr.App. 1986), the Court stated:

 Under section 6.04(a), a "but for" causal connection must be established
between the defendant's conduct and the resulting harm. 


Under Robbins and section 6.04(a), the gist of the offense is reckless conduct which causes
death. (5) Because the State does not contend that section 522.101(a) of the Transportation
Code made appellant's conduct per se reckless, considering the statutory, not ordinary (6)
definition of reckless, applying the "but for" test, and disregarding evidence of passing in
a no passing zone and speeding for purposes of this review, based on a neutral review of
all the evidence, we conclude that the proof of appellant's conviction for manslaughter by
driving or operating a commercial vehicle while having a measurable or detectable amount
of alcohol in his system as alleged in count one, paragraph three in the indictment, is so 
weak as to undermine confidence in the fact finder's determination of guilt. Accordingly,
issue three is sustained.

 Our sustention of issue three pretermits our consideration of issues four and five. 
Accordingly, we reverse the judgment and the cause is remanded to the trial court for a new
trial.

 Don H. Reavis

 Justice


Do not publish.
1. Under section 49.08(a) a finding of reckless conduct is not required. However,
intoxication and causation are elements of the offense. The charge defined "intoxicated"
to mean not having the normal use of mental and physical faculties by reason of
introduction of alcohol into the body.
2. See Tex. Transp. Code Ann. § 522.101(a) (Vernon 1999).
3. Or - a disjunctive particle used to express an alternative or to give a choice of one
among two or more things. See Black's Law Dictionary 1095 (6th ed. 1990).
4. To the contrary, by its prayer, the State requests that we uphold "the judgment of
the trial court."
5. Under section 6.04(a), lawful or unlawful conduct is manslaughter if done
recklessly, causes death, and meets the "but for" test of Robbins, 717 S.W.2d at 351. 
6. Common definition of reckless: (1) marked by lack of proper caution; (2) negligent. 
Webster's Ninth New Collegiate Dictionary 983 (1988).