NO. 07-00-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 19, 2001

_____


JOSE ZUNIGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 98-2419; HONORABLE GENE DULANEY, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Jose Zuniga was convicted by a jury of manslaughter and punishment was assessed at 20 years confinement and a fine of $10,000. By five issues, appellant contends (1) the indictment was fundamentally defective because it failed to charge an offense, (2) the evidence was legally insufficient, alternatively, (3) the evidence was factually insufficient, (4) the judgment was a nullity

because the jury found him not guilty of intoxication manslaughter but guilty of manslaughter and the offenses are the same, and (5) the trial court erred in allowing the victim's wife to testify as to the victim's good character. Based upon the rationale expressed herein, we reverse and remand.

Appellant, a driver for a trucking company, departed Lubbock in a semi-truck to pick up a trailer in Sweetwater on May 24, 1998. While traveling during daylight hours on a dry two-lane road, appellant attempted to pass a pickup on a long "S" curve. As appellant attempted to pass, he changed lanes in a no passing zone and noticed an oncoming vehicle driven by Alfredo Cantu. Appellant applied his brakes, but they locked and the truck skidded on the pavement. The Cantu's car veered off the pavement into a ditch to avoid a collision. As the vehicles left the pavement, the truck skidded sideways colliding with Cantu's car in the ditch and stopping with the car wedged between the front and rear axles of the truck. Mr. Cantu died of injuries sustained in the accident.

After DPS officers arrived at the scene, they detected the odor of alcohol on appellant's breath during an initial interview and felt the need to perform a field sobriety test on him. An officer administered the horizontal gaze nystagmus test and the results indicated that appellant was not intoxicated. After appellant was taken to a hospital, a blood test indicated his blood alcohol level at .03. Based upon the test, appellant's blood alcohol level at the time of the collision was estimated at .06.

**Indictment, Charge, Verdict, and Judgment**

Before reviewing appellant's issues, we will review the indictment, charge, verdict, and judgment.

Intoxication Manslaughter

By one paragraph in count two of the indictment, appellant was charged with intoxication manslaughter. At the time of the accident, section 49.08 of the Texas Penal Code Annotated (Vernon 1994) provided:

> **§ 49.08. Intoxication Manslaughter**
> (a) A person commits an offense if the person:
>> (1) operates a motor vehicle in a public place . . . and
>>
>> (2) is intoxicated and by reason of that intoxication causes the death of another by accident or mistake.
>
> (b) An offense under this section is a felony of the second degree.

Because the jury found appellant not guilty of intoxication manslaughter a review of the charge as to count two is unnecessary.[1]

---

[1]Under section 49.08(a) a finding of reckless conduct is not required. However, intoxication and causation are elements of the offense. The charge defined "intoxicated" to mean not having the normal use of mental and physical faculties by reason of introduction of alcohol into the body.

## Manslaughter

As crafted by the State, count one of the indictment charged appellant with manslaughter utilizing three independent, stand-alone paragraphs. In summary, paragraph one charged appellant with passing in a no passing zone, paragraph two charged him with excessive speed, and paragraph three charged him with reckless conduct by "*driving and operating a commercial motor vehicle while having a measurable and detectable amount of alcohol in his system.*"[2] (Emphasis added). Because paragraph three of the indictment is mentioned in the charge and again in the judgment, we set it out in detail:

### PARAGRAPH THREE

And the Grand Jurors aforesaid do further present in and to said Court that the said Jose Zuniga on or about May 24, 1998, in Lynn County, Texas, and before the presentment of this indictment, while driving and operating a motor vehicle at the time and place described in Count one, paragraph one, hereof, did then and there recklessly cause the death of an individual, Alfredo Cantu, by driving and operating a commercial motor vehicle **while having a measurable and detectable amount of alcohol in his system** and said conduct was reckless and by reason thereof the defendant did collide his motor vehicle with the motor vehicle being driven and operated by Alfredo Cantu and did thereby recklessly cause the death of the said Alfredo Cantu, and the defendant did during the commission of said offense use a deadly weapon, to-wit, a motor vehicle that in the manner of it's [sic] use and intended use was capable of causing death and serious bodily injury.

(Emphasis added).

Section 19.04 of the Penal Code provides:

---

[2]*See* Tex. Transp. Code Ann. § 522.101(a) (Vernon 1999).

## § 19.04. Manslaughter

(a) A person commits an offense if he recklessly causes the death of an individual.

(b) An offense under this section is a felony of the second degree.

Consistent with the indictment, the court's charge submitted manslaughter by three separate paragraphs. In relevant part, the manslaughter portion of the charge provided:

5.

Our law provides that a person commits manslaughter if he recklessly causes the death of an individual.

6.

A person acts "recklessly" or is "reckless", with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances, as viewed from the actor's standpoint.

7.

A. COUNT ONE, PARAGRAPH ONE OF THE INDICTMENT

Now if you find from the evidence . . . the defendant, Jose Zuniga, did drive and operate a motor vehicle, . . . which road or highway was a two lane road . . . while so driving said motor vehicle at the time and place in question, was driving and passing another vehicle and did cross the center of said road or highway **in a marked no passing zone,** . . . did collide his motor vehicle with the motor vehicle being driven or operated by Alfredo Cantu, and if you believe from the evidence beyond a reasonable doubt that such conduct, if any, on the part of the defendant was reckless, as that term is herein defined, and that he caused the death of an individual, namely, Alfredo Cantu . . . and that said recklessness, if you find there was recklessness in said driving, was the cause of the death of the said Alfredo Cantu, **then you will find the defendant guilty of manslaughter, as charged in count one, paragraph one of the indictment.**

(Emphasis added).

**OR**

B. COUNT ONE, PARAGRAPH TWO OF THE INDICTMENT

If you find from the evidence . . . the Defendant, Jose Zuniga, while driving or operating a motor vehicle at the time and place described in the preceding paragraph A . . . did then and there recklessly cause the death of . . . Alfredo Cantu, by driving his motor vehicle at an **excessive speed**, . . . and that each of said acts alone or jointly were reckless, and if you believe from the evidence beyond a reasonable doubt that the defendant did collide his

motor vehicle with the motor vehicle being driven or operated by Alfredo Cantu **and did thereby recklessly cause the death of the said Alfredo Cantu, then you will find the defendant guilty of manslaughter as charged in count one, paragraph two of the indictment.**

(Emphasis added).

**OR**

C.  COUNT ONE, PARAGRAPH **THREE** OF THE INDICTMENT

If you found from the evidence beyond a reasonable doubt, that . . . the Defendant, Jose Zuniga, while driving or operating [a] motor vehicle . . . did then and there recklessly cause the death of an individual, Alfredo Cantu, **by driving or operating a commercial vehicle while having a measurable or detectable amount of alcohol in his system**, if you have so found, and if you believe that such conduct, if any, was reckless, as that term has been herein defined, and that by reason thereof, the defendant did collide his motor vehicle with the motor vehicle being driven and operated by Alfredo Cantu, and did thereby recklessly cause the death of the said Alfredo Cantu, **then you will find the defendant guilty of manslaughter, as charged in count one paragraph three of the indictment.**

If you find from the evidence beyond a reasonable doubt that the conduct attributed to the defendant as charged in paragraphs A, B, and C above, either singularly or collectively, were reckless, as that term has been herein described, and that such conduct, either singularly or collectively, did thereby recklessly cause the death of the said Alfredo Cantu, then you will find the defendant guilty as charged under count one of the indictment. If you do not so find from the evidence, beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of manslaughter.

(Emphasis added).

Then, in relevant part, the form of the jury verdict provided:

Answer this form <u>only</u> if you found the defendant not guilty of Intoxication Manslaughter.

**<u>FORM OF VERDICT - MANSLAUGHTER</u>**

We, the jury, find the defendant <u>GUILTY</u> of the offense of Manslaughter, as charged in the indictment in Cause Number 98-2419.

*Count 1 par. C*  (handwritten in)

/s/<u>Marian Wood</u>

7

Foreman of the Jury

We, the jury, find the defendant <u>NOT GUILTY</u> of the offense of Manslaughter, as charged in the indictment in Cause Number 98-2419.

_____
Foreman of the Jury

The alleged reckless conduct was not linked in the three paragraphs. Instead, under the charge (1) passing in a no passing zone, (2) excessive speed, and (3) driving a commercial vehicle while having a measurable or detectable amount of alcohol in his system were submitted in three independent paragraphs separated by the particle "or."[3] In addition, paragraphs A, B, and C each concluded with the instruction that if the jury found the allegations in the paragraph to be true, "then you will find the defendant guilty of manslaughter as charged in" the referenced paragraph of count one of the indictment, which instruction was consistent with the pattern of the indictment because the three instances of alleged reckless conduct were not linked.

After the jury reached its verdict and returned to the courtroom, the trial court read the verdict in part as follows:

THE COURT: Form of Verdict-Manslaughter. We the jury, find the Defendant Guilty of the offense of manslaughter, as charged in the indictment in Cause No. 98-2419. Count 1, paragraph 'C,' signed Marian Wood, foremean.

Is that the verdict of all of you?

* * *

_____

[3]Or – a disjunctive particle used to express an alternative or to give a choice of one among two or more things. *See* Black's Law Dictionary 1095 (6th ed. 1990).

9

THE COURT: All right.  Do either one of you want the jury polled?

Mr. McCrary: No, sir.

Mr. Martinez: No, your Honor.

THE COURT: All right. Please be seated.

With no objections to receipt of the verdict or motions being presented to the trial court, before commencement of the punishment phase, the court recessed the jury.  The jury returned its verdict assessing punishment at confinement for twenty years and a $10,000 fine on August 24, 2000.  On the same day, the trial judge signed the judgment on the jury verdict, which among other things, provided:

> ON AUGUST 23, 2000, ALL OF THE EVIDENCE WAS PRESENTED BY BOTH THE STATE AND THE DEFENDANT AND THE CHARGE WAS READ TO THE JURY BY THE COURT AND THEREUPON THE JURY HEARD THE ARGUMENTS OF BOTH SIDES. ON AUGUST 24, 2000, THE SAME JURY AGAIN HEARD THE ARGUMENTS OF BOTH SIDES AND RETIRED IN CHARGE OF THE PROPER OFFICER TO CONSIDER THEIR VERDICT AND AFTERWARD WERE BROUGHT INTO OPEN COURT BY THE PROPER OFFICER, THE DEFENDANT'S COUNSEL BEING PRESENT AND THE DEFENDANT BEING PRESENT, AND RETURNED THE FOLLOWING VERDICT WHICH WAS RECEIVED BY THE COURT AND WAS ENTERED UPON THE MINUTES OF THE COURT, TO-WIT:
>
> "WE, THE JURY, FIND THE DEFENDANT, JOSE ZUNIGA, GUILTY OF THE OFFENSE OF MANSLAUGHTER, AS CHARGED IN THE **INDICTMENT** IN CAUSE NUMBER 98-2419, COUNT ONE **PARAGRAPH THREE**.
>
>                               SIGNED: <u>MARIAN WOOD</u>
>                               FOREMAN OF THE JURY

(Emphasis added).  As set out above, paragraph three of the indictment alleged only that appellant was driving or operating a commercial vehicle while having a measurable or

detectable amount of alcohol in his system and did not include the allegations of passing in a no passing zone or excessive speed.

## No Passing Zone-Excessive Speed

In its response to appellant's second and third issues, among other things, the State contends that we should also consider evidence of appellant's speeding and passing in a no passing zone along with evidence that appellant was driving with a measurable or detectable amount of alcohol in his system in considering the legal and factual sufficiency of the evidence to support the verdict. However, the rule that when a jury returns a general guilty verdict on an indictment charging alternative theories of committing the same offense that the verdict stands if the evidence supports any of the theories charged, Brooks v. State, 990 S.W.2d 278, 283 (Tex.Cr. App. 1999), does not apply here because the verdict was not a general guilty verdict, but was limited to the conduct separately charged only in paragraph three of the indictment, which as above noted, did not mention excessive speed or passing in a no passing zone.

Also, the State urges elsewhere that the handwritten notation of the jury foreman should be disregarded, or that the reference was not to paragraph three of the indictment. However, the State did not object to the receipt of the verdict nor present any motions regarding the verdict. Moreover, the judgment expressly recited:

11

WE, THE JURY, FIND THE DEFENDANT, JOSE ZUNIGA, GUILTY OF THE OFFENSE OF MANSLAUGHTER, AS CHARGED IN THE INDICTMENT IN CAUSE NUMBER 98-2419, COUNT ONE PARAGRAPH THREE.

We decline to ignore this provision of the judgment. Rather, we presume that the judgment is correct. Tennison v. State, 327 S.W.2d 575, 576 (Tex.Cr.App. 1959). Also, we indulge every presumption in favor of the regularity and truthfulness of recitations in the record. Robinson v. State, 739 S.W.2d 795, 799 (Tex.Cr.App. 1987).

Recitations in a judgment are binding on the State and the defendant. Schultz v. State, 510 S.W.2d 940, 944 (Tex.Cr.App. 1974). The State did not object to receipt of the verdict or the judgment or otherwise move for relief, and on appeal, the State does not request that we reform the judgment.[4] Thus, we will conduct our analysis based on the conclusion that the jury verdict was not a general verdict and that appellant was convicted of manslaughter based only on the allegations in paragraph three of the indictment.

By his first issue, appellant contends the indictment was fundamentally defective because the allegation that he acted recklessly by driving and operating a commercial vehicle while having a measurable and detectable amount of alcohol in his system failed to charge an offense. See Tex. Transp. Code Ann. § 522.101 (Vernon 1999). In his reply

_____

[4] To the contrary, by its prayer, the State requests that we uphold "the judgment of the trial court."

12

brief, appellant further contends that this error is not subject to waiver because of its constitutional dimension. We disagree.

Although an objection by appellant to the indictment on the ground that it did not allege acts of recklessness or criminal negligence pursuant to article 21.15 of the Texas Code of Criminal Procedure may have been appropriate, a question we do not decide, appellant's failure to object to an indictment results in a waiver of the right to complain on appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2001). Failure to object can also result in waiver of constitutional issues. *See* Briggs v. State, 789 S.W.2d 918, 924 (Tex.Cr.App. 1990); *see also* Thompson v. State, 727 S.W.2d 351, 352 (Tex.App.--Houston [1st Dist.] 1987, no writ). Furthermore, the paragraph that appellant claims is too vague to charge an offense in violation of the Texas Constitution, article V, section 12, is immaterial to the validity of the indictment. In Duron v. State, 956 S.W.2d 547, 552 (Tex.Cr.App. 1997), the Court held that an indictment that contains all the essential elements of the offense charged is sufficient to meet the requirements of article V, section 12 and that a party is required to object to preserve error for appellate review. *See also* Tex. R. App. P. 33.1(a). Paragraph two alleged that appellant recklessly caused the death of an individual. The additional language of paragraph three is not necessary to inform appellant that he is charged with manslaughter because all the essential elements are alleged. Accordingly, issue one presents nothing for review and is overruled.

13

By his second and third issues and arguments, appellant contends the evidence was legally and factually insufficient to show that he acted recklessly and caused the accident by driving and operating a commercial vehicle while having a measurable and detectable amount of alcohol in his system. We disagree that the evidence is legally insufficient; however, we agree with appellant that the evidence is factually insufficient to support his conviction.

Standard of Review

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v.

State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. In conducting a factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex. Cr .App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). Moreover, the fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. Johnson v. State, 571

15

S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.-- Amarillo 1997, pet. ref'd).

Before proceeding with our review of the evidence to determine if it is legally sufficient to sustain the conviction, we first outline the essential elements the State was required to prove. Manslaughter is defined as recklessly causing the death of an individual. Tex. Pen. Code Ann. § 19.04(a) (Vernon 1994).

The Penal Code defines recklessly or reckless as follows:

> (c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his **conduct** or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care and that an ordinary person would exercise under all the circumstances as viewed by the actor's standpoint.

(Emphasis added). Tex. Pen. Code Ann. § 6.03(c). Here, the definition in the charge was substantially similar to the statutory definition. Also, we must review the evidence and determine if the State introduced sufficient evidence to establish the essential element of causation. The Penal Code defines causation as follows:

> (a) A person is criminally responsible if the result would not have occurred **but for his conduct**, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

16

(Emphasis added). Tex. Pen. Code Ann. § 6.04(a). The conduct which the State alleged to be reckless and the cause of the accident was appellant's action in driving the truck with a measurable or detectable amount of alcohol in his system. The State did not object to the submission of the definition or the question to the jury regarding reckless conduct, and does not contend on appeal that section 522.101(a) of the Texas Transportation Code makes such conduct reckless *per se*. *See* State v. Vasquez, 34 S.W.3d 332 (Tex.App.–San Antonio 2000, no pet.) (involving reckless conduct).

## Legal Sufficiency

Appellant does not dispute that he was driving the truck at the time of the accident or that Mr. Cantu sustained fatal injuries as a result of the collision. Indeed, appellant candidly concedes in his brief that the evidence showed the presence of a measurable or detectable amount of alcohol in his system at the time of the accident. Notwithstanding the evidence, appellant argues there is no evidence that the presence of a measurable or detectable amount of alcohol in his system was the cause of the accident. However, in response to a question from the prosecutor as to the cause of the accident, Officer Druesedow testified without objection to the following:

> Yes, sir. This accident was caused by Mr. Zuniga's failure to obey the speed law, failure to obey the no-passing zone law, failure to obey the commercial motor vehicle – operating a commercial motor vehicle with a detectable amount of alcohol law, and his reaction time and his judgment, I believe, were impaired due to the alcohol and this caused the death. Using the truck tractor caused the death of Mr. Zuniga – correction. Caused the death of Mr. Cantu.

17

Disregarding the officer's obvious linkage of the factors of (1) speeding, (2) passing in a no passing zone, and (3) the presence of alcohol in appellant's blood, because we are required to view the evidence in the light most favorable to the prosecution, considering the testimony of the officer, we conclude that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, issue two challenging the legal sufficiency of the evidence is overruled.

Factual Sufficiency

Appellant contends the evidence was factually insufficient to support the jury verdict that he recklessly caused the death of Cantu by driving and operating a commercial vehicle while having a measurable and detectable amount of alcohol in his system. We agree.

Because the statutory definitions of reckless and causation concern the *conduct* of appellant, we will focus our review on evidence of appellant's conduct. *See* Tex. Pen. Code Ann. §§ 6.03(c) and 6.04(a). In determining the factual sufficiency of the evidence we do not view the evidence in the light most favorable to the prosecution, but instead make a neutral review of all the evidence. Although the issue here is not intoxication, because impairment of judgment and reaction time was mentioned by Officer DeLuna and is part of the definition of "intoxicated," we will review all evidence of use or presence of alcohol as it relates to impairment of judgment or reaction time and appellant's conduct.

18

- Officer DeLuna and others stated that appellant had no slurred speech, no trouble standing, no trouble walking and that his eyes were not bloodshot.

- Appellant saw the oncoming car and applied his brakes which made 265 feet of skid marks before the truck left the highway.

- Appellant's blood alcohol content was below the level fixed by statute required for intoxication.

- Officers did not find any evidence in the truck of drinking while driving, *i.e.* no beer cans, no beer bottles, no liquor bottles, nor other debris in the truck or vicinity.

- Appellant had no difficulty in answering questions.

As noted above, Officer DeLuna's opinion linked (1) speeding and (2) passing in a no passing zone with (3) impairment of judgment and reaction time because of the presence of a detectable and measurable amount of alcohol in his blood. However, because the jury limited its answer to paragraph three and for the reasons explained above, we will not consider speeding or passing in a no passing zone for purposes of this analysis. A careful review of Officer Druesedow's testimony regarding impairment when reviewed in the context of his opinion demonstrates that his reference to impairment of judgment or reaction time was linked to the two alleged causes-in-fact: (1) speeding and (2) passing in a no passing zone. Also, as noted above, under section 522.101(a) of the Texas Transportation Code, driving with a detectable or measurable amount of alcohol in the blood is not reckless *per se.* The State called the driver of the pickup that appellant was attempting to pass as its first witness to testify regarding the speed of appellant's truck and the road conditions; however, the State did not attempt to establish causation by this

19

witness. Instead, all the State's evidence of causation was based upon investigation by the officers who were not eyewitnesses to the accident.

Appellant's factual insufficiency argument is also supported by the jury's not guilty verdict of intoxication manslaughter. Although the question of recklessness is not an element in a prosecution for intoxication manslaughter under section 49.08 of the Penal Code, a verdict of guilty must be based on jury findings of intoxication and causation. By its charge, the court instructed the jury that the word "intoxicated" meant "not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body." The charge also included the element of causation. By its answer, the jury found appellant not guilty of intoxication manslaughter. Because the question of the presence of some alcohol in appellant's blood was undisputed, a logical analysis of the jury's answer of not guilty to intoxication manslaughter compels a conclusion that the evidence was not sufficient to establish:

> appellant's mental and physical faculties were impaired by alcohol
>
> OR
>
> the impairment, if any, was the cause of the accident.

Either conclusion demonstrates the insufficiency of the evidence to support a finding of recklessness or causation or possibly both.

We have not overlooked the State's argument that this case is analogous to Gill v. State, 981 S.W.2d 517, 519 (Tex.App.–Beaumont 1998, no pet.). To the contrary, the cases are not analogous. In *Gill*, the one-paragraph indictment alleged in part:

> after consuming an alcoholic beverage and while driving a motor vehicle . . . by failing to keep a proper lookout while driving a motor, by failing to control the speed . . . by exceeding the posted speed limit, and by driving left of the center line . . . thereby causing . . . .

*Id.* The court held that even though intoxication was not mentioned in the jury charge, a rational jury could have found that Gill was speeding and was intoxicated. *Id*. Here, however, unlike *Gill* which combined four alleged acts of reckless driving with a reference to alcohol in one paragraph, for reasons not reflected by the record, the State crafted this indictment to segregate (1) speeding, (2) passing in a no passing zone, and (3) driving with a measurable or detectable amount of alcohol in his system. Moreover, the indictment and charge did not link or connect the three alleged causes.

In Robbins v. State, 717 S.W.2d 348, 351 (Tex.Cr.App. 1986), the Court stated:

> Under section 6.04(a), a "but for" causal connection must be established between the defendant's conduct and the resulting harm.

Under *Robbins* and section 6.04(a), the gist of the offense is reckless conduct which causes death.[5] Because the State does not contend that section 522.101(a) of the Transportation Code made appellant's conduct *per se* reckless, considering the statutory, not ordinary[6] definition of reckless, applying the "but for" test, and disregarding evidence of passing in a no passing zone and speeding for purposes of this review, based on a neutral review of all the evidence, we conclude that the proof of appellant's conviction for manslaughter by driving or operating a commercial vehicle while having a measurable or detectable amount of alcohol in his system as alleged in count one, paragraph three in the indictment, is so weak as to undermine confidence in the fact finder's determination of guilt. Accordingly, issue three is sustained.

Our sustention of issue three pretermits our consideration of issues four and five. Accordingly, we reverse the judgment and the cause is remanded to the trial court for a new trial.

Don H. Reavis
Justice

---

[5]Under section 6.04(a), lawful or unlawful conduct is manslaughter if done recklessly, causes death, and meets the "but for" test of *Robbins*, 717 S.W.2d at 351.

[6] Common definition of reckless: (1) marked by lack of proper caution; (2) negligent. Webster's Ninth New Collegiate Dictionary 983 (1988).

Do not publish.