

IN THE
TENTH COURT OF APPEALS

No. 10-12-00367-CR

**JACOB SCOTT TURNER,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-2027-C2**

# OPINION

Jacob Turner appeals from a conviction for the offense of manslaughter. TEX. PEN. CODE ANN. § 19.04 (West 2011). Turner complains that the evidence was insufficient to establish the required level of causation regarding the automobile collision, the evidence was insufficient for the jury to have found that his actions were committed recklessly, and the trial court erred by denying his motion to quash a portion of the indictment that alleged that Turner's ingestion of a controlled substance

constituted a reckless act. Because we find that the evidence was sufficient and that the trial court did not err by denying the motion to quash, we affirm the judgment of the trial court.

### Sufficiency of the Evidence

In his first and second issues, Turner complains that the evidence was insufficient. In his first issue, Turner complains that the evidence was insufficient for the jury to have found that he caused the death of Peggy Cantrell because the collision was actually caused by Cantrell because she failed to yield the right of way. In issue two, Turner complains that the evidence was insufficient for the jury to have found that he recklessly caused Cantrell's death.

### Standard of Review

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

### Causation

The law of criminal causation as it relates to a defendant's conduct is as follows: "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." TEX. PEN. CODE ANN. 6.04(a) (West 2011). Whether such a causal connection exists is a question for the jury's determination. *See Hardie v. State*, 588 S.W.2d 936, 939 (Tex. Crim. App. 1979).

"But for" causation, as referred to in section 6.04(a), "must be established between an accused's conduct and the resulting harm." *Wooten v. State*, 267 S.W.3d 289, 296 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986). "When concurrent causes are present, the 'but for' requirement is satisfied when either: (1) the accused's conduct is sufficient by itself to have caused the harm; or (2) the accused's conduct coupled with another cause is sufficient to have caused the harm." *Wooten*, 267 S.W.3d at 296. "If an additional cause, other than an accused's conduct is clearly sufficient by itself to produce the result, the accused's conduct by itself is clearly insufficient, then the accused cannot be convicted." *Id*. The State may rely on circumstantial evidence to establish a causal connection. *Id*.

### Relevant Facts

Turner was traveling down Bosque Avenue in Waco, Texas around the noon hour at what witnesses described as a high rate of speed. The speed limit in that area was 35 miles per hour. Cantrell was traveling down Bosque from the opposite direction as Turner and attempted to turn left from the turn lane onto New Road in front of Turner. There was a flashing yellow light for Cantrell. The light was green for Turner because he was traveling straight through the intersection. Turner collided with Cantrell with what a crash reconstruction expert testified was 16Gs of force at impact. The result of the force of the collision caused Cantrell's neck to be broken, her brain

separated from her spine, and her aorta completely transected, and these injuries resulted in Cantrell's death. Turner was not significantly injured in the collision.

An expert accident reconstructionist testified that according to Turner's vehicle's airbag control module, or "black box," Turner was traveling at a rate of speed of 94.6 miles per hour five seconds before the collision, 93.4 mph at four seconds, 91.3 mph at three seconds, 89.8 mph at two seconds, 82.7 mph at one second, and at 69.7 mph at the point of impact. The expert testified that the "black box" data must be used in conjunction with a complete reconstruction of the collision, and should not be used as the sole determining factor to establish an expert's conclusions. The expert testified that the data from the black box was consistent with the other findings in the reconstruction of the collision. Further, the expert stated that according to his calculations and investigation, Turner's vehicle would have been able to avoid the collision with Cantrell if Turner had been traveling 74 miles per hour or less.

Turner testified at trial and admitted that he was traveling 50-60 miles per hour prior to the collision, but he denied traveling as fast as the experts contended. Because Turner had the right of way traveling straight through the intersection and Cantrell had a duty to yield the right of way before turning left, Turner argues that the "but-for" cause of the collision was Cantrell.

Viewing the evidence in a light most favorable to the judgment, we find that there was sufficient evidence for a reasonable juror to have found beyond a reasonable

doubt that, at a minimum, Cantrell's failure to yield the right of way was not clearly sufficient by itself to have caused the collision and Turner's very high rate of speed was not clearly insufficient by itself to have caused the collision. Therefore, the evidence of causation was sufficient. We overrule issue one.

*Reckless Conduct*

Turner complains in his second issue that the evidence was insufficient to establish that Turner's conduct was reckless because the evidence regarding Turner's speed was disputed, Cantrell failed to yield the right of way, the evidence regarding Turner's alleged use of heroin at some point earlier in the day showed that it did not affect his driving, and Turner testified that he did not believe his driving posed a risk to other motorists and he kept a proper lookout. Because of this, Turner argues that he should have been convicted for the lesser-included offense of criminally negligent homicide.

*Manslaughter*

A conviction for manslaughter requires proof that Turner recklessly caused the death of Cantrell. TEX. PENAL CODE ANN. § 19.04(a) (West 2011). A person acts recklessly when

> [H]e is aware of but consciously disregards a substantial and unjustifiable
> risk that the circumstances exist or the result will occur. The risk must be
> of such a nature and degree that its disregard constitutes a gross deviation
> from the standard of care that an ordinary person would exercise under
> all the circumstances as viewed from the actor's standpoint.

TEX. PEN. CODE ANN. § 6.03(c) (West 2011).

The jury was authorized to find Turner committed one of four alternate forms of reckless conduct: (1) driving at an excessive speed; (2) failing to control his motor vehicle; (3) failing to keep a proper lookout for another motor vehicle; and (4) by the introduction of a controlled substance and/or a drug into his body, thereby causing the death of Cantrell by driving his vehicle into and against Cantrell's vehicle. The verdict must stand if the evidence is sufficient to support any of the reckless acts as charged. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

Turner testified at trial that while he was, in fact, traveling faster than the posted speed limit, he was looking out for other cars on the road and did not believe that he was putting other drivers at risk. Turner admitted that he was possibly traveling between 50 and 60 miles per hour as he approached the intersection at New Road, but did not believe it was possible to travel 94 miles per hour in that area.

Multiple witnesses who saw the collision confirmed that Turner was traveling at a high rate of speed. Turner had passed one witness about a block prior to the intersection at what the witness believed was 60 to 70 miles per hour. A second witness saw a "white blur" in her peripheral vision as Cantrell was turning onto New Road that she believed was traveling at least twice the speed limit. The "white blur" was Turner's vehicle. A third witness described Turner's speed as "very, very fast."

Because the jury is the ultimate fact finder, it can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Turner admitted that he was traveling well in excess of the speed limit because he was late from a drug deal and in a hurry to pick up his mother. The jury was free to disbelieve Turner's testimony that he did not believe his speed was excessive, that he kept a proper lookout, or that he did not perceive a risk to other drivers. We do not believe that it was unreasonable for the jury to infer from the circumstances that Turner was aware of but consciously disregarded a substantial and unjustifiable risk that his dangerously high speed could likely result in a collision.

Accordingly, when we view the evidence in the light most favorable to the verdict, we find that the evidence was sufficient for a reasonable juror to have found that Turner was aware of but consciously disregarded a substantial and unjustifiable risk by driving at an excessive rate of speed. We overrule issue two.

*Motion to Quash Indictment*

Turner complains in his third issue that the trial court erred by denying his motion to quash the portion of the indictment that alleged his use of a controlled substance or drug as an alternate "act" of reckless behavior that was alleged by the State. Turner contends that because this was not an intoxication manslaughter case, the use of a controlled substance or drug did not involve a reckless act related to his driving, and the evidence was so weak that it was unfairly prejudicial.

The indictment alleged that Turner "cause[d] the death of an individual, namely, Peggy Jean Cantrell, by driving his motor vehicle at an excessive speed and/or by failing to control his motor vehicle and/or by failing to keep a proper lookout for another motor vehicle and/or by the introduction of a controlled substance and/or a drug into his body, thereby causing the death of an individual, Peggy Jean Cantrell, by driving his motor vehicle into and against another motor vehicle occupied by Peggy Jean Cantrell…."

Turner complains that the presence of a controlled substance should only be allowed in an indictment for intoxication manslaughter because the introduction of a controlled substance as alleged here is not an "act" of recklessness. Turner contends that the ingestion of a controlled substance does not relate to the manner in which he operated his vehicle and, although such an allegation would be proper in an indictment for intoxication manslaughter, it is not properly included in an indictment for manslaughter.

*Indictments*

The sufficiency of an indictment is a question of law which we review *de novo*. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). The indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may prepare a defense. *See Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009), *cert. denied*, 559 U.S. 975,

130 S. Ct. 1689, 176 L. Ed. 2d 186 (2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant notice of the acts he allegedly committed. *Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) (*citing DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)). However, when alleging recklessness or criminal negligence, the State "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence." TEX. CODE CRIM. PROC. ANN. art. 21.15 (West 2009). *State v. Rodriguez*, 339 S.W.3d 680, 682 (Tex. Crim. App. 2011); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.15 (West 2009).

We have found no authority for the concept that the ingestion of a controlled substance or drug as a reckless act is improperly included in an indictment for manslaughter. Driving after consuming alcohol without establishing intoxication can be alleged as a reckless act in an indictment for manslaughter. *See Rubio v. State*, 203 S.W.3d 448, 452 (Tex. App.—El Paso 2006, pet. ref'd) (driving under influence of alcohol can be used to show conscious disregard of substantial risk); *Buie v. State*, 2003 Tex. App. LEXIS 4320 at *6 (Tex. App.—Austin 2003, no pet.) (a jury can determine whether a person's driving after consuming alcohol shows requisite degree of risk to establish recklessness without having to consider if the consumption of the substance deprived

him of his normal use of his physical and mental faculties as required to prove intoxication).

Additionally, because the allegation of the ingestion of a controlled substance was set forth conjunctively in the indictment with the other allegations regarding Turner's driving, the trial court's denial of the motion to quash was not erroneous. Turner did not seek modification of clarification of the language in the indictment either before the trial court or in his briefing to this Court. Further, Turner has not argued that this language impaired his ability to prepare a defense in any way because he was not put on notice of the allegation by the State.

Turner also argues that the trial court should have granted his motion to quash the indictment because the allegation regarding the controlled substance was unfairly prejudicial. Turner contends that the allegation was unfairly prejudicial because the State did not have sufficient evidence to prove that the ingestion of a controlled substance affected Turner's driving or was a factor in the collision.

Initially, we note that a charging instrument that is valid on its face and returned by a legally constituted grand jury is sufficient to mandate trial of the charge as set forth in the indictment. *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.). In the pretrial setting, there is neither constitutional nor statutory authority for a defendant to test, or for a trial court to determine, the sufficiency of evidence to support or defeat an element alleged in the indictment. *Woods v. State*, 153 S.W.3d 413, 415 (Tex.

Crim. App. 2005); *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994)(*dissenting op. adopted on reh'g*); *Meadows*, 170 S.W.3d at 620.

Therefore, a motion to quash the indictment cannot be used to argue that the prosecution is unable to prove one of the elements of the crime. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *Woods*, 153 S.W.3d at 415. We find that the trial court did not err by denying Turner's motion to quash a portion of the indictment. We overrule issue three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed January 30, 2014
Publish
[CRPM]