COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-13-00072-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th Judicial District Court |
| ROCIO ROMERO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20120D01434) |
| | § | |

## **O P I N I O N**

The State of Texas seeks to reinstate language quashed from its manslaughter indictment against Appellee Rocio Romero, contending that allegations Romero "load[ed] a firearm," "chamber[ed] a round into the firearm," and "us[ed] marijuana" were essential acts necessary to prove the charge's recklessness element. We reverse the trial court's order in part[1] and remand.

## **BACKGROUND**

The State indicted Romero on one count of manslaughter stemming from the shooting death of Jose Salas. The indictment alleged as follows:

---

[1] The trial court's order granting the motion to quash also includes language prohibiting the State from introducing evidence pertaining to "loading a firearm," "chambering a round into the firearm," and "using marijuana." Although the State contended in its notice of appeal that we have interlocutory jurisdiction over these evidentiary rulings since they "suppress" evidence, the State does not challenge this aspect of the order in its brief. As such, we reverse the trial court's order only insofar as it struck language from the indictment. We do not pass on the propriety of the trial court's in limine rulings at this time as that issue has not been presented to us.

[O]n or about the 2nd day of February, 2011 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ROCIO ROMERO . . . did then and there recklessly cause the death of an individual, namely, JOSE SALAS, by committing one or more of the following acts:

loading a firearm,

chambering a round into the firearm,

pointing a firearm in the direction of JOSE SALAS,

using marijuana,

handling a loaded firearm, pointed in the direction of JOSE SALAS, as the firearm discharged,

And thereby shooting JOSE SALAS about the body with a firearm
. . . .

Romero moved to quash the indictment on the grounds that, *inter alia*, it contained language that was both surplusage and prejudicial. The trial court granted Romero's motion to quash in part, striking references to "loading a firearm," "chambering a round into the firearm," and "using marijuana" from the indictment. The State appealed.

## DISCUSSION

We have interlocutory jurisdiction to review the trial court's order striking surplus language from the indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1)(West Supp. 2014); *State v. Richardson*, 383 S.W.3d 544, 547 (Tex.Crim.App. 2012).

The trial court may strike surplus language "which is not descriptive of what is legally essential to the validity of the indictment." *Eastep v. State*, 941 S.W.2d 130, 134 (Tex.Crim.App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex.Crim.App. 2000)(explaining surplusage in context of a prosecutorial pretrial indictment alteration); *see also Thompson v. State*, 152 S.W. 893, 894 (Tex.Crim.App. 1913)(stating that

2

"allegations which are in no manner necessary to the description of an offense[] and which are not essential to constitute the offense . . . may be entirely disregarded"). We review the sufficiency of an indictment and what constitutes surplusage *de novo*. *State v. McCoy*, 64 S.W.3d 90, 92 (Tex.App.--Austin 2001, no pet.).

Whether language is surplusage necessarily hinges on the nature of the alleged acts in relation to the charge. Here, Romero was charged with manslaughter. A person commits the offense of manslaughter if he or she "recklessly causes the death of an individual." TEX.PENAL CODE ANN. § 19.04(a)(West 2011). A person acts recklessly "with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX.PENAL CODE ANN. § 6.03(c)(West 2011). "[W]hen recklessness is an element of the offense, the charging instrument must allege the circumstances of the act which indicate that the defendant acted in a reckless manner." *State v. Rodriguez,* 339 S.W.3d 680, 683 (Tex.Crim.App. 2011)[Internal citation and emphasis omitted]; *see also* TEX.CODE CRIM.PROC.ANN. art. 21.15 (West 2009).

Here, the acts of loading a firearm, chambering a round, and using marijuana, when read conjunctively in the context of the indictment, can all be fairly said to be factors that created a substantial and unjustifiable risk of death to Jose Salas. As such, they constituted circumstances necessary to the essential proof of recklessness element. Further, there is authority supporting the State's argument that drug use may be properly alleged as an act showing recklessness in a manslaughter indictment even if the person may not have been legally intoxicated at the time of the charged conduct. *See Buie v. State*, No. 03-02-00280-CR, 2003 WL 21189757, at *2 (Tex.App.--Austin May 22, 2003, no pet.)(mem. op., not designated for publication)(marijuana

3

use related to manslaughter charge evidence of recklessness); *Rubio v. State*, 203 S.W.3d 448, 452 (Tex.App.--El Paso 2006, pet. ref'd)(driving after consuming alcohol can constitute reckless behavior in manslaughter indictment).  Because the alleged acts pertained to recklessness, the omitted language was not surplusage, and the trial court erred by striking it.

Romero's argument that the trial court nevertheless retained residual authority to strike non-surplus language from the indictment on that basis that it was unfairly prejudicial is belied by authority from our sister court, which rejected a defendant's similar claim where the indictment was facially valid and returned by a legally constituted grand jury, and where the drug use constituted evidence of recklessness in a manslaughter case. *See Turner v. State*, 435 S.W.3d 280, 286-87 (Tex.App.--Waco 2014, pet. ref'd).  The State's sole appellate point is meritorious.

Issue One is sustained.  We reverse the trial court's order quashing the indictment language and remand for trial.


January 14, 2015
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Barajas, Senior Judge
Barajas, Senior Judge, Sitting by Assignment

(Do Not Publish)

4