

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-24-00311-CR; 04-24-00312-CR

The **STATE** of Texas,
Appellant

v.

Alejandro **CONTRERAS**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2021CR5251; 2021CR5252
Honorable Michael Mery, Judge Presiding

Opinion by:　H. Todd McCray, Justice

Sitting:　Irene Rios, Justice
　　　　　Lori Massey Brissette, Justice
　　　　　H. Todd McCray, Justice

Delivered and Filed: June 4, 2025

REVERSED AND REMANDED

Appellee Alejandro Contreras was charged with manslaughter and aggravated assault with a deadly weapon, following a motor vehicle accident. Contreras challenged the indictments, and the trial court set them aside. The state appealed. We reverse the trial court's rulings setting aside the indictments, and remand to the trial court for further proceedings consistent with this opinion.

**BACKGROUND**

The underlying matters arise from a motor vehicle accident that occurred on April 16, 2020, in which the car Appellee Alejandro Contreras was driving collided with another vehicle, killing Christopher Hayslett and injuring Kimberly Jackson. On June 10, 2021, Contreras was charged with manslaughter and aggravated assault with a deadly weapon.

**COUNT I**

On or about the 16th Day of April, 2020, ALEJANDRO CONTRERAS, did recklessly cause the death of an individual, namely, Christopher Hayslett, hereinafter referred to as complainant, by driving and operating a motor vehicle at a speed that was not reasonable and prudent under the circumstances then existing, failing to apply the brakes in a timely and reasonable manner, disregarding a posted stop light, failing to take proper and necessary evasive action to avoid colliding with another motor vehicle in which the complainant was a passenger, driving and operating a motor vehicle after the introduction of a controlled substance into the body, driving and operating a motor vehicle while operating a mobile device;

**COUNT I**

PARAGRAPH A

on or about 16th Day of April, 2020, ALEJANDRO CONTRERAS hereinafter referred to as defendant, did recklessly cause serious bodily injury to Kimberly Jackson, hereinafter referred to as complainant, by driving and operating a motor vehicle at a speed that was not reasonable and prudent under the circumstances then existing, failing to apply the brakes in a timely and reasonable manner, disregarding a posted stop light, failing to take proper and necessary evasive action to avoid colliding with another motor vehicle in which the complainant was a passenger, driving and operating a motor vehicle after the introduction of a controlled substance into the body, driving and operating a motor vehicle while operating a mobile device;

PARAGRAPH B

on or about 16th Day of April, 2020, ALEJANDRO CONTRERAS, hereinafter referred to as defendant, did use a deadly weapon, namely: a motor vehicle, that in the manner of its use and intended use was capable of causing death and serious bodily injury, and defendant did recklessly cause bodily injury to Kimberly Jackson, hereinafter referred to as complainant, by driving and operating a motor vehicle at a speed that was not reasonable and prudent under the circumstances then existing, failing to apply the brakes in a timely and reasonable manner, disregarding a posted stop light, failing to take proper and necessary evasive action to avoid

colliding with another motor vehicle in which the complainant was a passenger, driving and operating a motor vehicle after the introduction of a controlled substance into the body, driving and operating a motor vehicle while operating a mobile device[.]

On May 4, 2023, Contreras filed motions to set aside the two indictments above. The trial court heard these motions on April 3, 2024. On April 11, 2024, Contreras filed a supplemental memorandum in support of his motions, claiming the indictments fail to comply with Article 21.15 of the Texas Code of Criminal Procedure, in that they fail to allege, with reasonable certainty, the acts or circumstances that demonstrate that Contreras was driving in a reckless manner.

On April 16, 2024, the trial court signed an order setting both indictments aside. The court reasoned that because a future jury charge might present Contreras's alleged acts in the disjunctive, the State was required to comply with Article 21.15 for each separate act alleged, despite pleading Contreras's reckless acts in the conjunctive.

> [N]ot all of these acts relied upon as constituting recklessness are inherently reckless. Moreover, not all of these allegations specify the circumstances of the act which indicate that the defendant acted in a reckless manner. As in *Flores,* driving too fast is not an inherently reckless act. Alleging that the defendant was "driving at a speed that was not reasonable and prudent under the circumstances" does not notify the defendant why his driving was not "reasonable and prudent" or what the "circumstances" were that made such driving neither reasonable nor prudent. . . . Notably, even though the State has alleged these acts in the conjunctive, they need only prove them in the disjunctive. The law allows the defendant to be convicted if the State proves that the defendant committed just one of the alleged acts. Therefore, *all* of the allegations of acts constituting recklessness must comply with Article 21.15. Since at least one of them does not, the indictments are defective.

On May 2, 2024, the state appealed, asserting it had provided Contreras with sufficient notice as required under Article 21.15. Oral argument was held on March 15, 2025.

## STANDARD OF REVIEW

"The sufficiency of a charging instrument presents a question of law." *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). "An appellate court therefore reviews a trial judge's ruling

on a motion to quash a charging instrument *de novo*." *Id*. at 13–14. "A charging instrument must be specific enough to convey adequate notice of the nature of the accusations so that the accused may prepare a defense." *Tata v. State*, 446 S.W.3d 456, 462–63 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citations omitted). "An indictment is sufficient so long as (1) it confers jurisdiction on the trial court to pronounce judgment and (2) an ordinary person can understand what it means and what the offense is." *Estrada v. State*, 629 S.W.3d 755, 758 (Tex. App.—San Antonio 2021, no pet.) (citing TEX. CODE CRIM. PROC. art. 21.11). "Our sufficiency review is limited to the face of the indictment." *Estrada*, 629 S.W.3d at 758.

While an indictment does not need to allege facts that are merely evidentiary in nature, where the State charges the accused acted recklessly in the commission of an offense, the indictment must also "allege, with reasonable certainty, the act or acts relied upon to constitute recklessness." *Smith*, 309 S.W.3d at 14.

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

TEX. CODE CRIM. PROC. ART. 21.15.

However, because an "act" itself does not necessarily demonstrate recklessness,[1] the court of criminal appeals has interpreted article 21.15 "to mean that the State must allege circumstances

---

[1] An exception to this general rule exists for acts that are inherently reckless. *See Soto v. State*, No. 04-17-00491-CR, 2018 WL 2323637, at *9 (Tex. App.—San Antonio May 23, 2018, no pet.) (mem. op., not designated for publication) ("However, where the alleged act is inherently reckless, the indictment satisfies article 21.15 if it merely alleges the act was committed.").

which indicate that appellant was aware of the risk" and "acted in conscious disregard of that risk." *Smith*, 309 S.W.3d at 15.[2]

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03(c). Accordingly, "when recklessness is an element of the offense, the charging instrument must allege the *circumstances* of the act which indicate that the defendant acted in a reckless manner." *State v. Rodriguez*, 339 S.W.3d 680, 685 (Tex. Crim. App. 2011). *See also Estrada*, 629 S.W.3d at 759 (recognizing "the State's burden to allege both an act and the circumstances indicating recklessness").

## ANALYSIS

The indictments at issue state Contreras "did recklessly cause the death of an individual, namely, Christopher Hayslett" and "did recklessly cause serious bodily injury to Kimberly Jackson[.]" Accordingly, the state clearly put Contreras on notice that both charges (manslaughter and aggravated assault with a deadly weapon) are based on allegations that Contreras was reckless. S*ee Stadt v. State*, 120 S.W.3d 428, 441-42 (Tex. App.—Houston [14th Dist.] 2003), aff'd, 182 S.W.3d 360 (Tex. Crim. App. 2005) (finding the indictment "put appellant on notice that the State

---

[2] The court of criminal appeals has explained that this standard arises from the "conceptual difficulty" of applying Article 21.15's requirement for pleading the act[s] relied upon to constitute recklessness or criminal negligence, and Article 6.03's definitions of the culpable mental state for recklessness and criminal negligence, given the 1974 Penal Code's distinction between culpable mental states and acts. *See*, *e.g.*, *State v. Rodriguez*, 339 S.W.3d 680, 682-83 (Tex. Crim. App. 2011); *Smith v. State*, 309 S.W.3d at 14-15. *See also* George E. Dix & John M. Schmolesky, 42 Tex. Prac., Criminal Practice and Procedure § 25:97 (3d ed.) [*hereinafter*, 42 TPCPP § 25:97] ("Especially as applied under the 1974 Penal Code, the terms of Article 21.15 present some conceptual difficulty. The new Penal Code emphasizes the importance of requiring a culpable mental state for criminal liability, of precisely defining in terminology provided by the Code the mental state required for each crime, and of carefully separating the mental state required from the conduct that must be shown for each criminal offense. Article 21.15 assumes that "acts"—that is, conduct—can "constitute" the culpable mental states of recklessness or negligence, which the new Penal Code made clear is a conceptual impossibility.").

was seeking a manslaughter conviction because it alleged appellant 'recklessly cause[d] the death of [complainant].'"). Because recklessness was alleged as an element of both charges (manslaughter and aggravated assault with a deadly weapon), Article 21.15 applies and requires that the indictment allege with reasonable certainty the act or acts constituting recklessness.

Both the state and Contreras invite us to recognize bright-line rules to apply when determining whether a charging instrument subject to article 21.15 has conveyed adequate notice to the accused.[3] We disagree that their proposed rules exist, and we do not create such rules here.

### *Article 21.15's pleading standards do not change for "result of conduct" offenses.*

The State argues that article 21.15 should be applied differently to "result of conduct" offenses than it is to "result of circumstance" offenses. It argues that, when a "result of conduct" offense is charged, in order to harmonize Section 6.03(c) with article 21.15, Section 6.03(c) should be revised in the following way to omit references to circumstances:

> A person acts recklessly, or is reckless, with respect to ~~circumstances surrounding his conduct or~~ the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that ~~the circumstances exist or~~ the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

---

[3] Contreras relies on our prior decision in *Flores v. State*, 536 S.W.3d 560 (Tex. App.—San Antonio 2017, pet. ref'd), as did the trial court. The state, in turn, asserts that *Flores* is distinguishable because: 1) the indictment in that case was alleged disjunctively and the indictments at issue here were not; and 2) *Flores* mis-applied article 21.15 to a "result of conduct" offense (manslaughter) as if it were a "circumstances of conduct" offense. Relying on *Flores* for either argument is problematic. First, while the indictment in that matter is described as a disjunctive pleading, the indictment plainly states (after listing three alternative acts) that Flores recklessly caused the death of an individual "by any combination of said three acts, thereby causing a motor vehicle to collide with another motor vehicle." *Flores*, 536 S.W.3d at 566. Additionally, following its determination that the indictment did not give Flores sufficient notice under article 21.15, the *Flores* court determined there was no harm because Flores knew before trial the three areas "his defense needed to concentrate on." That conclusion contradicts the earlier determination that the indictment was deficient. *See DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988) (en banc) (noting the Texas constitutional requirement "that the charging instrument itself convey adequate notice *from which the accused may prepare his defense*") (emphasis added). Finally, because the *Flores* court determined there was no harm, "the conclusion that there was a statutory violation was dictum." *Flores v. State*, 563 S.W.3d 907, 908 (Tex. Crim. App. 2018) (Keller, P.J., concurring in refusal of discretionary review). Because of this we determine that *Flores* is not binding precedent, and in light of the internal inconsistencies in *Flores* noted above, we decline to rely on *Flores* for any part of this opinion.

The State asserts this revised reading of section 6.03(c) for "result of conduct" offenses permits compliance with article 21.15 by simply alleging the act or acts that constitute an unjustifiable risk that the result will occur.

However, the State has not provided, nor have we found, any cases that recognize this approach—either by distinguishing between "result of conduct" and "result of circumstance" offenses under article 21.15, or by revising section 6.03(c) depending on the nature of the offense.

Moreover, even if section 6.03(c) were read as the State proposes, it would not change the court of criminal appeals' interpretation—which has never been limited to only "result of circumstance" offenses—that, because an "act" itself does not necessarily demonstrate recklessness, article 21.15 requires the State to "allege *circumstances* which indicate that appellant was aware of the risk" and "acted in conscious disregard of that risk." *Smith*, 309 S.W.3d at 15 (emphasis added). Accordingly, we conclude the State's suggested approach has not been recognized by Texas courts, and we decline to establish such an interpretation here.

### *Each alleged act constituting recklessness need not independently comply with article 21.15.*

Contreras, in turn, asks us to determine, as the trial court did, that because a future jury charge might be in the disjunctive, then *all* of the allegations of acts constituting recklessness must independently comply with Article 21.15. We reject this position for two reasons.

First, in determining whether a charging instrument complies with article 21.15, courts have looked at the alleged acts in combination with one another, rather than evaluating each alleged act on its own. *See, e.g. Crume v. State*, 658 S.W.2d 607, 609 (Tex. Crim. App. 1983) ("The acts of failing to guide his vehicle away from the complainant and failing to keep a lookout for the complainant, when coupled with the disregard of the risk of death, are clearly a gross deviation from the standard of care an ordinary person would exercise. The allegations of these acts thereby

- 7 -

sufficiently allege the manner in which the appellant recklessly caused the death of the complainant."); *Goodrich v. State*, 156 S.W.3d 141, 145 (Tex. App.—Dallas 2005, pet. ref'd) ("In a motion to quash, appellant asserted that the allegation "did drive said motor vehicle at a high rate of speed, and at a speed greater than was reasonable and prudent under the circumstances then existing" did not allege that the speed caused him to strike the complainant. Appellant's argument lacks merit, however, because the last paragraph alleges that all the manners and means "thereby caus[ed] said defendant to strike said complainant.").

This is particularly true in charging instruments where one of the alleged acts involves the ingestion of alcohol or, as here, a controlled substance. *See*, *e.g.*, *Turner v. State*, 435 S.W.3d 280, 286 (Tex. App.—Waco 2014, pet. ref'd) ("Additionally, because the allegation of the ingestion of a controlled substance was set forth conjunctively in the indictment with the other allegations regarding Turner's driving, the trial court's denial of the motion to quash was not erroneous."); *Gill v. State*, 981 S.W.2d 517, 519 (Tex. App.—Beaumont 1998, pet. ref'd) ("We acknowledge that speeding is not necessarily reckless conduct. Speeding while intoxicated, however, is reckless conduct.").

Second, even in cases where courts have not expressly combined the acts alleged in the charging instrument, those instruments have been held sufficient under article 21.15, even if one or more of the alleged acts—such as driving at an unsafe speed without elaboration as to why it was unsafe at the time—were not inherently reckless. *See*, *e.g.*, *Graham v. State*, 657 S.W.2d 99, 103 (Tex. Crim. App. 1983) (included allegations that driver failed "to obey a traffic control signal which was exhibiting to the defendant a steady red signal" and drove "at a greater rate of speed than was reasonable and prudent under conditions then existing"); *Garcia v. State*, No. 07-24-00077-CR, 2025 WL 211507, at *4 (Tex. App.—Amarillo Jan. 15, 2025, pet. ref'd) (mem. op.,

not designated for publication) (included allegation that driver was "traveling at a speed in excess of the speed limit"); *Welch v. State*, No. 14-08-00253-CR, 2009 WL 909613, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.) (included allegation that accused was driving "at too great a rate of speed"); *Stadt v. State*, 120 S.W.3d 428, 441 (Tex. App.—Houston [14th Dist.] 2003), *aff'd*, 182 S.W.3d 360 (Tex. Crim. App. 2005) (included allegation that vehicle was operated "at an unreasonable speed").

Accordingly, we conclude Contreras's suggested approach—that each allegation of an act constituting recklessness must independently comply with Article 21.15—has not been recognized by Texas courts, and we decline to establish such an approach here.

***The indictments at issue comply with article 21.15.***

At its most basic level, article 21.15 creates a notice requirement whereby the state must allege something more than simply that the defendant acted recklessly, so that the accused is sufficiently informed to prepare a defense. *See State v. Mejia*, No. 04-22-00127-CR, 2023 WL 3082426, at *2 (Tex. App.—San Antonio Apr. 26, 2023, no pet) (mem. op.) ("A charging instrument must convey sufficient notice t*o allow the accused to prepare a defense*.") (citing *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008) (emphasis added); *Townsley v. State*, 538 S.W.2d 411, 412 (Tex. Crim. App. 1976) (finding indictment sufficient because it "does not allege merely 'that the accused, in committing the offense, acted recklessly'").

> The indictments at issue here allege that Contreras was reckless and caused harm by:
>
> driving and operating a motor vehicle at a speed that was not reasonable and prudent under the circumstances then existing, failing to apply the brakes in a timely and reasonable manner, disregarding a posted stop light, failing to take proper and necessary evasive action to avoid colliding with another motor vehicle in which the complainant was a passenger, [and] *driving and operating a motor vehicle after the introduction of a controlled substance into the body*, driving and operating a motor vehicle while operating a mobile device[.]

Texas courts have routinely found that allegations such as these provide sufficient notice to an accused to prepare a defense.[4] We agree.

We note that all of the acts alleged in the indictments involve driving and, therefore, are conditioned by the allegation, emphasized in the indictment above, that Contreras was driving "after the introduction of a controlled substance into the body."

Texas courts hold that it is proper for a jury to consider whether alcohol or a controlled substance contributed to make other acts reckless. *See*, *e.g.*, *Fulton v. State*, 576 S.W.3d 905, 915 (Tex. App.—Tyler 2019, pet. ref'd) ("Our sister courts have held that driving after consuming alcohol or controlled substances without establishing intoxication can establish recklessness . . . .") (citations omitted); *State v. Romero*, No. 08-13-00072-CR, 2015 WL 181779, at *1 (Tex. App.—El Paso Jan. 14, 2015, pet. ref'd) (not designated for publication) ("Here, the acts of loading a firearm, chambering a round, and using marijuana, when read conjunctively in the context of the indictment, can all be fairly said to be factors that created a substantial and unjustifiable risk of death to Jose Salas."); *Rubio v. State*, 203 S.W.3d 448, 452 (Tex. App.—El Paso 2006, pet. ref'd) ("[T]he actions of driving under the influence of alcohol can be used to show a conscious disregard of a substantial risk."); *Buie v. State*, No. 03-02-00280-CR, 2003 WL 21189757, at *2 (Tex. App.—Austin May 22, 2003, no pet.) (mem. op., not designated for publication) ("This is particularly true where, as here, driving after consumption [of alcohol and marijuana] is listed

---

[4] *See*, *e.g.*, *Welch v. State,* No. 14-08-00253-CR, 2009 WL 909613, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.) (indictment alleging drove recklessly by "1. swerving said motor vehicle from lane to lane; 2. failing to timely apply the brakes to said motor vehicle in order to avoid the possibility of a collision with the person of Rodora Sayles; 3. driving said motor vehicle at too great a rate of speed; 4. failing to turn said motor vehicle to avoid the collision with the person of Rodora Sayles; 5. failing to maintain proper control of said motor vehicle; 6. driving said motor vehicle on a pedestrian walkway and 7. smoking marihuana while driving said motor vehicle . . .alerted appellant to the acts upon which the State planned to rely to prove he acted 'recklessly'"); *Stadt*, 120 S.W.3d at 441 (indictment "alerted appellant to the acts upon which the State planned to rely to prove appellant acted 'recklessly'—namely, that appellant operated his vehicle at an unreasonable speed, failed to keep a proper lookout, failed to maintain a single lane of traffic, and changed lanes unsafely.").

conjunctively with other acts charged to demonstrate recklessness such as driving too fast and failure to keep a proper lookout.").

Accordingly, it is proper to include allegations of ingestion of alcohol or, as here, a controlled substance, in an indictment. *See Turner v. State*, 435 S.W.3d 280, 286 (Tex. App.— Waco 2014, pet. ref'd) ("We have found no authority for the concept that the ingestion of a controlled substance or drug as a reckless act is improperly included in an indictment for manslaughter. Driving after consuming alcohol without establishing intoxication can be alleged as a reckless act in an indictment for manslaughter."); *Buie*, 2003 WL 21189757, at *2 ("The fact that one may legally drive after consuming intoxicating substances does not prevent the State from alleging that the driver was reckless in doing so; illegality is not a prerequisite of recklessness.").

Finally, as already discussed above, in determining whether a charging instrument complies with article 21.15, courts have looked at the alleged acts in combination with one another. This is particularly true in charging instruments where one of the alleged acts involves the ingestion of alcohol or, as here, a controlled substance. *See, e.g.*, *Turner*, 435 S.W.3d at 286 (approving of indictment where "the ingestion of a controlled substance was set forth conjunctively in the indictment with the other allegations regarding Turner's driving"); *Gill v. State*, 981 S.W.2d at 519 ("We acknowledge that speeding is not necessarily reckless conduct. Speeding while intoxicated, however, is reckless conduct.").

We find that approach proper here and determine that each of Contreras's alleged acts are necessarily impacted by the allegation that he was driving "after the introduction of a controlled substance into the body." Accordingly, we conclude the indictments properly allege the circumstances of the acts which indicate Contreras acted in a reckless manner. Thus, the

indictments adequately inform Contreras of the charges against him and allow him to prepare a defense.

**CONCLUSION**

For the foregoing reasons, we reverse the trial court's order setting aside the indictments and remand to the trial court for further proceedings consistent with this opinion.

H. Todd McCray, Justice

DO NOT PUBLISH